**This memorandum relates to the Objections to Claims No. 12, 13 and 14, and is the courts findings of fact and conclusions of law related to the orders entered on May 16, 2014 for Doc. Nos. 73,74, and 75.**

**SIGNED this 19th day of May, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

In re:

JAMES M. MOORE                                     No. 09-13429
JUDY A. MOORE                                      Chapter 13

    Debtors.

Appearances:

R. Bradley Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

United States Bankruptcy Court
Judge Shelley D. Rucker

## MEMORANDUM

Delivered Orally 5/15/14[1]

---

[1] Minor changes to style, grammar, and citation were made prior to filing.

1

The Debtors have objected to three claims: one filed by Asset Acceptance, LLC, as assignee of Windstream Communications Inc. for $623.54 and designated as claim no. 12; another filed by Asset Acceptance, LLC, as assignee of Capital One ("Asset Acceptance") in the amount of $2,095.67, designated as claim no. 13; and a third filed by Cornerstone Medical Group ("CMG") for $316.79, designated as claim no. 14. The basis of the objection is the same for all three. The debtors' objections to claims 12 and 13 state that

> the claim and the attachments do not reflect a date within six (6) years of the petition date. Collection on this claim is therefore time barred because of the applicable statute of limitations (T.C.A. 28-3-109). This claim is unenforceable against the Debtor(s) and property of the Debtor(s) pursuant to 11 U.S.C. § 502(b)(2).

[Objection by Debtor(s) to Claim Nos. 12, and 13, Doc. Nos. 49 and 50]. The objection to the third claim states that

> On its face, a portion of Claim No. 14 reflects an admission date of 4/10/00 in the amount of $147.19, which is not within six (6) years of the petition date. Collection on this portion of the claim is therefore time barred because of the applicable statute of limitations (T.C.A. 28-3-109). The amount of $147.19 is unenforceable against the Debtor(s) and property of the Debtor(s) pursuant to 11 U.S.C. § 502(b)(1).

[Doc. No. 56]. Neither creditor responded to the objections.

As to Claim No. 13, the court has before it a proof of claim filed on September 9, 2009, signed by "Chistina Elliot, BK Supervisor." Attached to the claim is an Affidavit of Account filed by Patricia L. Conaton, swearing on September 9, 2009 that she is authorized to make statements pursuant to authority granted to her by Asset Acceptance Capital Corporation. ("Conaton Affidavit"). She continues

> The affiant states that to the best of his [sic] knowledge, information and belief there are no uncredited payments, counter-claims or offsets against said debt. The corporations' [sic] business records show that there is due and payable on account

2

>XXXXXXXX-XX-6127 in the amount of $2097.67 as of this date on a debt originally held by Capital One and assigned to the corporation in the normal course of business by the original creditor or their lawful assignee.

[Claim No. 13].

There is also a statement attached to Claim No. 13 indicating that the claim is for James M. Moore. The attachment to the proof of claim has a box for "Date of Last Transaction" but it is blank. The "Date of Delinquency" is stated as 6/16/2000. There is a "Purchased On" date of 2/22/2007. The Debtor's attorney argued that he believes the "Purchased On" date refers to the date of the transfer of the account from a previous holder to the current holder; however, the Conaton Affidavit does not give a date of the assignment. Nevertheless, there is a date on the face of the claim within six years of the filing of the petition.

At the time the claim was filed, the creditor was required to attach documents to support the claim if the claim was based on a writing. Fed. R. Bankr. P. 3001(c)(1). No such writings are attached. Although the debtors have not raised an issue as to the amount of the claim, they have challenged its validity. The debtors are raising the affirmative defense that the enforcement of the claim is barred by the applicable statute of limitations. They have supplied no affidavit in support of their contention; rather, they rely on the face of the claim to support their objection. The Conaton Affidavit states the existence of an account debt and the existence of a delinquency in June of 2000, but offers no information regarding what has transpired between these debtors and this creditor except the "Purchased On" date.

In this case, the Debtors set their objection to the proofs of claim for hearing. The Claimants have not responded in writing to the objection, nor did they appear at the hearing. The court, therefore, has before it a contested matter to which no answer has been filed. Bankruptcy Rule 9014(c) authorizes the court to apply Bankruptcy Rule 7055 to this contested

matter. Fed. R. Bankr. P. 9014(c). Rule 7055 incorporates Rule 55 of the Federal Rules of Civil Procedure, which provides that the court may grant a judgment if the claimant has been served and notice of the hearing in which the relief will be granted has been provided more than 30 days prior to the hearing date. Fed. R. Bankr. P. 3007(a); E.D.Tenn. LBR 9013-1(f)(2)(ii)(A). The Debtors have provided that notice.

The court's authority to proceed to a judgment where there is no answer is also addressed in the local rules. In cases where there is no response, the court may consider that there is no opposition to the requested relief. E.D.Tenn. LBR 9013-1(f)(4).

> Unless excused by the court, the movant and any objecting party are required to appear at all scheduled hearings. The failure of . . . an objecting party to attend a duly noticed hearing will be deemed a withdrawal of . . . the objection to the motion. . . . Similarly, the court will consider the failure of any other noticed party to attend the hearing as a lack of opposition to the granting of the relief requested in the motion.

*Id.* Motions are defined in the local rules to include objections to claims. E.D. Tenn. LBR 9013-1(a).

Finally, the court finds that the creditors are not entitled to the evidentiary presumptions provided by Bankruptcy Rule 3001(f). The claims are not filed in accordance with Rule 3001 as it existed when the claims were filed. There are no copies of the writings on which the accounts are based that commit these debtors to pay the accounts or the cost of the medical services. Fed. R. Bankr. P. 3001(c).

Having made those preliminary rulings the court will analyze the basis of the objection. A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The Debtors have objected to Claimants' proofs of claim. The debtors have alleged that claims are barred by the statute of limitations. They cite the applicable statute of limitation as T.C.A. § 28-3-109, which applies to contracts. It appears from

the claims that they are open accounts to which this statute is applicable. That statute requires that an action on a contract not otherwise expressly provided for be commenced within six years after the cause of action accrues. T.C.A. § 28-3-109. Further, Tennessee law provides that

> A defense based on the statute of limitations is an affirmative defense. *See* Tenn. R. Civ. P. 8.03. The defendant asserting it has the burden of establishing all of its elements. *See Carr v. Borchers*, 815 S.W.2d 528, 532 (Tenn. Ct. App. 1991); *Stockburger v. Ray*, 488 S.W.2d 378, 382 (Tenn. Ct. App. 1972); *Jones v. Hamilton County*, 56 Tenn. App. 240, 247, 405 S.W.2d 775, 779 (1965). However, once the defendant establishes the defense, the burden shifts to the plaintiff to establish one or more of the recognized exceptions to the defense. *See Jones v. Coal Creek Mining & Mfg. Co.*, 133 Tenn. 159, 169, 180 S.W. 179, 182 (1915); *Smith v. Southeastern Properties, Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989).

*Ingram v. Earthman*, 993 S.W.2d 611, 632 (Tenn. Ct. App. 1998).

The court finds that the debtor has established the affirmative defense that the claim is barred by the statute of limitations. There is no factual dispute raised by the objection regarding whether there was an obligation owed by the debtor. Claim No. 13 states a delinquency date, so the court finds that the record contains evidence that the cause of action has accrued. That date is more than six years prior to the filing of the bankruptcy case meaning that it is no longer enforceable under Tennessee law.

The proof of claim does have one date that is within the six year period prior to the bankruptcy filing. It is the "Purchased On" date. After further review of the proof of claim, the court does not find that the purchase date is relevant to the inquiry of whether the debtors have carried their burden with respect to the affirmative defense. The court finds that this date relates to the transfer of the account from one creditor to another. Transactions between only holders of the debt are not indicative of whether any holder of the debt has taken an action to enforce the debt within the limitations period, and the court has disregarded that date in its consideration of the affirmative defense.

5

Even if the new holder took some actions on or after the "Purchased On" date that tolled the statute of limitations, that fact is not evident from the face of the claim; and, as previously noted, the creditor has the burden of establishing exceptions to the affirmative defense. The creditor has failed to respond and provide that evidence. The court would be unwilling to sustain the objection if the face of the claim indicated that there were transactions between the Debtors and the holder of the claim within the six years prior to the filing of the case; however, there is no evidence on the face of the claim that the transactions continued between the debtors and this creditor. Even though the creditor included a box for the date of the last transaction on the attached statement, the creditor left that box blank. Since it is the creditor's burden and it has chosen to omit that information, the court may infer that the date of the last transaction was not helpful to the creditors' case. *Keck v. Graham Hotel Sys.*, 566 F.3d 634 (6th Cir. 2009) ("A party's refusal to . . . produce evidence in civil suits creates a presumption of an intent to withhold damaging information that is material to the litigation."). The creditor has not carried its burden with respect to proof of the existence of an exception. The court will sustain the debtors' objection and the claim will be disallowed.

With respect to the Windstream Claim, Claim No. 12, Ms. Conaton attached a similar affidavit to the claim stating that the debt is an account and that there is amount due and payable. There is a statement attached that reflects a "Date of Delinquency" of 4/3/2000. There is box for "Last Transaction Date," which was left blank, and the "Purchased On" date is 12/20/06. Neither the creditor nor the agent responded to the objection. For the reasons stated above, the court finds that the debtors have sustained their burden of proof as to the affirmative defense that Claim No. 12 is barred by the applicable statute of limitations. The objection is sustained on the basis that

the claim is unenforceable under applicable nonbankruptcy law and the claim will be disallowed. 11 U.S.C. 502(b)(2).

The third claim, Claim No. 14. filed by CMG, is slightly different because it appears to be a claim for medical services. The statement attached to the proof of claim indicates that a portion of the services were rendered on April 10, 2000. The statement shows that the amount of those services equals the balance for those services, which leaves the court with no indication that any payments were made to the provider after the services were rendered. The court has previously taken judicial notice that payment for medical services is generally required on the date the services are rendered. *In re Young*, No. 12-14308, 2013 WL 3992456, at *1 (Bankr. E.D. Tenn. Aug. 2, 2013).  Even assuming some period to process an insurance claim, these services were provided nine years before the filing and approximately three years outside the limitations period. Further, the creditor has failed to respond. The court finds that the debtors have carried their burden with respect to the affirmative defense and the court will sustain their objection to $147.19 of the claim. The claim will be allowed in the amount of $169.60.

These are the court's findings of fact and conclusions of law based on Bankruptcy Rule 7052 made applicable to contested matters by Bankruptcy Rule 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

A separate order will enter.

# # #